United States District Court
Southern District of Texas
**ENTERED**
June 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALDEN WHITAKER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-04855 |
| | § | |
| SHAWN KEYS, ET AL., | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Defendants Glapion-Bertrand and Jack (DCFS Defendants) and Defendant Richard have filed Motions to Dismiss.[1]  ECF 13; ECF 22.  Plaintiff has not filed a timely response and under Local Rules of the Southern District of Texas the Court may deem the motion unopposed.  LOC. R. S.D. TEX. 7.3, 7.4.  The Court recommends that this case be dismissed for lack of personal jurisdiction.

### I.    Factual and Procedural Background.

Plaintiff, initially proceeding pro se and in forma pauperis, filed a Complaint on December 29, 2023 against Shawn Keys, Sloan Richard, and the DCFS Defendants.  ECF 1.  Although less than clear, Plaintiff appears to be challenging the constitutionality of Louisiana's statutory scheme related to the issuance and enforcement of child support orders.  *Id.* at 5.  Plaintiff's Complaint alleges that,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 4.

among other things, the State of Louisiana issued a support order that was not endorsed by a constitutionally created court, submitted a false report to a credit bureau, applied to take his tax returns, and suspended his driver's license. *Id.* at 5. The Complaint further alleges that Defendants, various Louisiana state employees, "created and submitted sworn affidavits" in support of these actions. *Id.* at 6. Plaintiff asks the Court to award him millions of dollars in damages and remove his child support obligations "nunc pro tunc." *Id.* at 6.

On February 16, 2024 the DCFS Defendants filed a Motion to Dismiss Plaintiff's Complaint on various grounds, including lack of personal jurisdiction pursuant to Rule 12(b)(2). ECF 13. Defendant Richard filed a similar Motion to Dismiss on March 14, 2024. ECF 22. Plaintiff has not filed a response. Victoria Broussard of the Alchemy Attorneys, PLLC entered an appearance on Plaintiff's behalf on March 24, 2024. ECF 27. Plaintiff recently filed an Opposed Motion for Leave to Amend Complaint (ECF 30), including a Proposed First Amended Complaint (ECF 30-1), which remains pending before the Court. In considering Defendants' Motions to Dismiss, the Court has considered the allegations contained in both Plaintiff's Complaint and Proposed First Amended Complaint.

## II.    Legal Standards.

### A. Rule 12(b)(2) Standards.

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). *Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1016 (S.D. Tex. 2018), aff'd sub nom. *Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215 (5th Cir. 2020). When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant by prima facie evidence. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). The court determines whether plaintiff has met this prima facie burden by considering the allegations of the complaint as well as the contents of the record at the time of the motion. *Id.*; *Fintech Fund*, 327 F. Supp. 3d at 1016. However, the court is not required to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). If the plaintiff meets the prima facie burden, the burden shifts to defendant to show that the assertion of jurisdiction would be unfair. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008).

### B. Due Process Standards.

"Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits." *Bulkley v. Associates, L.L.C. v. Dep't of Indus.*

3

*Relations*, 1 F.4th 346, 351 (5th Cir. 2021).  In Texas, courts employ a two-step inquiry to evaluate personal jurisdiction over nonresident defendants by "ensuring compliance with the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment."  *Id.*  Because the Texas long-arm statute is coextensive with the limits of federal due process, the two-step inquiry "collapses into one federal due process analysis."  *Id.*

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has "purposefully availed itself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state," and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice."  *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *International Shoe Co v. Washington*, 326 U.S. 310, 316 (1945).  Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The first prong of the due process analysis, referred to as the "minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum (specific jurisdiction), or (2) the defendant has "continuous and systematic" contacts with the

forum (general jurisdiction).  *Alpine View*, 205 F.3d at 215; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984).

Under the second prong of the due process analysis, the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice.  The factors to be examined include: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies.  *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

## III.  Analysis.

### A. Plaintiff has not met his prima facie burden to show minimum contacts sufficient to satisfy general jurisdiction.

Courts may assert general jurisdiction over non-resident defendants and "hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'"  *Sangha v. Navig8 ShipManagement Private Limited*, 882 F.3d 96, 102 (5th Cir. 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)).  The "continuous and systematic contacts" test required for general

jurisdiction requires extensive, substantial contacts and is a difficult standard to meet. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Here, Defendants reside in Louisiana and are Louisiana state employees. Specifically, Defendants Glapion-Betrand and Jack are employed by the State of Louisiana Department of Children and Family Services.  ECF 13 at 4.  Defendant Richard is an assistant district attorney for the Orleans Parish District Attorney's Office.  ECF 22 at 1.  Plaintiff's Proposed First Amended Complaint alleges general jurisdiction over Defendants in this Court based on Defendants' contact with, and the submission of information and affidavits, to Plaintiff's employers in Texas. ECF 30-1 at ¶¶ 10–11.  This contact is not sufficiently "continuous and systematic" to render the Louisiana Defendants essentially at home in Texas.  *Cf. Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 674 (S.D. Tex. 2014) ("An out-of-state defendant that merely does business with Texas businesses or customers will not be subject to general jurisdiction if it does not have a lasting physical presence in the state.").  Therefore, Plaintiff has failed to present allegations to support the exercise of general personal jurisdiction over Defendants in Texas.

### B. Plaintiff has not met his prima facie burden to show minimum contacts sufficient to satisfy specific jurisdiction.

A court may exercise specific jurisdiction when the "nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle Lining Const. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205

6

(5th Cir. 1996) (citation omitted).   "Even a single contact can support specific jurisdiction if the defendant 'purposefully avails itself to the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Litvinov v. Bowtech, Inc.*, 2023 WL 7336746, at *2 (S.D. Tex. Nov. 7, 2023) (quoting *Burger King Corp. v. Ruzewicz*, 471 U.S. 462, 475 (1985)).   "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980)).

Plaintiff's Proposed First Amended Complaint allegations of specific jurisdiction over Defendants in this Court are the same as those for general jurisdiction:   that Defendants contacted his employers in Texas and submitted information and affidavits to them.   ECF 30-1 at ¶¶ 10–11.   The Proposed First Amended Complaint makes no allegation that Defendants are doing business in Texas or availing themselves of Texas laws.   To the contrary, Defendants' actions were taken in the course of enforcing Louisiana law.   Furthermore, the Defendants, who are employees of the state of Louisiana and not Texas residents, could not have reasonably anticipated being haled into federal court located in Texas to defend the enforcement of a Louisiana child support proceeding.   *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980).   The actions of the Defendants that

involve contacts with Texas were not directed at Texas, but rather are based on the fortuity that Plaintiff's employers are located in Texas.  *Garcia Hamilton & Associates, L.P. v. RBC Capital Markets, LLC*, 466 F. Supp. 3d 692 (S.D. Tex. 2020) ("The Court cannot say that these activities were 'directed' at Texas; instead, RBC's main contact with Texas in this case is based on the fortuity that GHA happens to reside in Texas.").  Accordingly, Plaintiff has failed to present allegations sufficient to support the exercise of specific personal jurisdiction over Defendants in Texas.

### C. Alternatively, Defendants have met their burden to show that the exercise of personal jurisdiction in this case would be unfair.

Even if Plaintiff could meet his burden to allege sufficient minimum contacts, the exercise of personal jurisdiction over Defendants in this case would be unfair.  It would be unduly burdensome for the non-resident Defendants to defend themselves in this district.  Furthermore, the State of Louisiana has a substantial interest in having the constitutionality of its child support enforcement statutory scheme evaluated by "local state or federal courts—courts that have special expertise interpreting its laws.  *See Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (2008) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 186 (1979) ("[F]ederal judges sitting in Idaho are better qualified to construe Idaho law, and to assess the character of Idaho's probable enforcement of that law, than are judges sitting elsewhere.").  Likewise, the State of Texas has little interest in adjudicating the constitutionality of

Louisiana's domestic laws.  *Id.*  For these reasons, Plaintiff's action should be dismissed without prejudice for lack of personal jurisdiction over Defendants.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motions to Dismiss (ECF 13; ECF 22) be GRANTED under Rule 12(b)(2) and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 20, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge